# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA ROSS,**

        **Plaintiff,**

**-vs-**                                                        **Case No. 6:06-cv-428-Orl-28KRS**

**HAIRTECK, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE PRESIDING DISTRICT JUDGE:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS FOR FAILURE OF PLAINTIFF TO INCLUDE AN INDISPENSABLE PARTY (Doc. No. 30)** |
| **FILED:** | **July 19, 2006** |

Plaintiff Linda Ross alleges that Defendant Hairteck, Inc. violated the Americans with Disabilities Act by failing to remove barriers to entry to its business. Hairteck, Inc. moved to dismiss the complaint arguing that it is only the tenant in the building in question and that the landlord is an indispensable party to the case. Hairteck, Inc. attached to the motion a lease, but the lease is not dated and it is not authenticated or supported by a sworn statement reflecting that it was the lease agreement in place at the time of the events alleged in the complaint. While the Court may consider *evidence* in

support of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), *see Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956), it cannot rely upon unverified documents.

Ross responded to the complaint, but she did not address the factors set forth in Federal Rule of Civil Procedure 19 as to whether joinder of the landlord is necessary or feasible.

Whether or not a landlord is an indispensable party in a case brought under the Americans with Disabilities Act is a fact-based inquiry. *See, e.g., Hubbard v. Rite Aid Corp.*, No. 02CV2497 WQH, 2006 WL 1359630 (S.D. Cal. May 4, 2006); *Frotton v. Barkan*, 219 F.R.D. 31 (D. Mass. 2003). If the landlord in this case should be joined if feasible, the Court must then determine whether the landlord could be joined in the case and, if not, whether the case can proceed in the landlord's absence. Fed. R. Civ. P. 19. Accordingly, further development of evidence and further briefing is necessary before the Court can decide the motion.

Accordingly, I respectfully recommend that the Court **DENY** the motion to dismiss without prejudice to asserting the defense of failure to join an indispensable party in the answer to the Complaint. *See* Rule 12(h)(2) ("A defense . . . of failure to join a party indispensable under Rule 19 . . . may be made in any pleading permitted or ordered under Rule 7(a) . . . ."). Hairteck, Inc. may then raise the issue of failure to join an indispensable party in a motion for summary judgment, if appropriate, after the relevant facts have been developed in discovery.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 26, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy